# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIDEL SALGADO, | ) |
| Plaintiff, | ) |
| | ) No. 18 C 8119 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| GRAHAM ENTERPRISE INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Between 1993 and his termination in 2018, Plaintiff Fidel Salgado, who is Hispanic and of Mexican descent, worked for Defendant Graham Enterprise, Inc. in multiple positions, most recently as a general manager of gas stations. After his termination, Salgado filed this suit claiming that Graham Enterprise discriminated against him based on his national origin (Count I) and subjected him to a hostile work environment (Count II) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Graham Enterprise moves to dismiss Salgado's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Salgado has sufficiently pleaded his membership in a protected class and that Graham Enterprise took an adverse employment action against him based on that class membership, Salgado may proceed with his discrimination claim. But Salgado fails to plausibly allege severe or pervasive harassment to support his hostile work environment claim, and so the Court dismisses that claim without prejudice.

## BACKGROUND[1]

Graham Enterprise owns and operates gas stations and car washes in northern Illinois. Salgado, a Hispanic male of Mexican descent, worked for Graham Enterprise from November 1993 through March 2018. Most recently, Graham Enterprise employed Salgado as a general manager of its gas stations. Graham Enterprise terminated Salgado on March 16, 2018, allegedly because of short deposits.

While employed by Graham Enterprise, Graham Enterprise sent Salgado to work in unsafe, heavily Hispanic neighborhoods because he is Hispanic. By contrast, non-Hispanic employees, including those with less experience, had their choice of assignments. Additionally, Salgado's supervisors, managers, and coworkers subjected him to harassment and directed racial slurs at Salgado because he is Hispanic and from Mexico.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[1] The facts in the background section are taken from Salgado's complaint and are presumed true for the purpose of resolving Graham Enterprise's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15 Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.    **Title VII National Origin Discrimination (Count I)**

First, Salgado claims that Graham Enterprise terminated him because of his national origin in violation of Title VII. Title VII makes it an unlawful employment practice "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a)(1). Graham Enterprise argues that Salgado has not sufficiently alleged a discrimination claim and instead has relied only on legal conclusions in his attempt to state a claim. But Graham Enterprise asks for too much; a plaintiff may allege employment discrimination claims under Title VII "quite generally." *Savoy v. BMW of N. Am., LLC*, 313 F. Supp. 3d 907, 917 (N.D. Ill. 2018) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, Salgado "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his membership in a protected class]." *Tamayo*, 526 F.3d at 1084. Salgado has done just that, alleging Graham Enterprise terminated him because he is Hispanic and of Mexican descent.

Graham Enterprise argues that Salgado must further allege that he "would have kept his job if he had a different [national origin] and everything else had remained the same." Doc. 11 at 4 (alteration in original) (quoting *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764 (7th Cir. 2016)). But *Ortiz* discussed what a plaintiff must show to survive summary judgment on a discrimination claim. *Ortiz*, 834 F.3d at 763–64. No such requirement exists at the pleading stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1

(2002) ("This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Instead, a plaintiff need only allege his employer took an adverse employment action against him because of his membership in a protected class. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (holding that to state a discrimination claim, a plaintiff need only identify the type of discrimination that occurred, by whom, and when). While Salgado's allegations are fairly conclusory, they suffice here to allow Salgado to proceed on his discrimination claim. Graham Enterprise may raise its arguments about the sufficiency of Salgado's claims at a later stage on a more developed record.

## II.  Title VII Hostile Work Environment (Count II)

Salgado also alleges that he was subjected to a hostile work environment in violation of Title VII, which prohibits discriminatorily hostile working environments. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993). "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Id.* (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)). To state a hostile environment claim, Salgado must allege (1) he was subject to unwelcome harassment, (2) the harassment was based on his national origin, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) a basis exists for employer liability. *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004). Graham Enterprise argues that Salgado has not plausibly pleaded the third element, that the

4

harassment was severe or pervasive enough to alter the conditions of employment. The Court agrees.

A hostile environment claim requires that the harassment be "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). Whether an environment is sufficiently hostile "can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. Additionally, the environment must be objectively—to a reasonable person—and subjectively hostile to fall within Title VII's purview. *Id.* at 21–22.

Salgado complains of "different terms and conditions of employment because he is Hispanic," of working in "unsafe" or "heavily Hispanic neighborhoods" while other employees worked in "safer neighborhoods," and of being subjected to racial slurs by his coworkers and managers. Doc. 1 ¶¶ 27–30. These barebones allegations do not allow the Court to infer that a reasonable person would find the environment hostile nor do they demonstrate how the harassment unreasonably interfered with Salgado's work performance. For example, Salgado's complaint does not include allegations that demonstrate the frequency or severity of the racial slurs. This distinguishes his complaint from that in *Alamo v. Bliss*, where the Seventh Circuit reversed the dismissal of a Title VII hostile environment claim in which the complaint alleged specific racial slurs directed at the plaintiff over a two-year period as well as two physical altercations motivated by plaintiff's national origin. 864 F.3d 541, 550–51 (7th Cir. 2017). By contrast, courts have routinely dismissed vague and conclusory allegations of a hostile work

environment like those found in Salgado's complaint. *See, e.g.*, *Boniface v. Westminster Place*, No. 18-CV-4596, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019) (dismissing plaintiff's claim because her allegations were vague and the complaint contained "no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance"); *Stone v. Bd. of Trs. of N. Ill. Univ.*, 38 F. Supp. 3d 935, 945 (N.D. Ill. 2014) (dismissing plaintiff's claim because "there is no factual allegation which would plausibly suggest either the severity or pervasiveness of the identified harassment"). Additionally, courts have dismissed more serious allegations at the pleading stage, further highlighting the insufficiency of Salgado's pleading. *See, e.g.*, *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 990–91 (N.D. Ill. 2016) (dismissing hostile work environment claim despite allegations that supervisor pulled plaintiff's hair, inspected her scalp, and screamed at her on multiple occasions, and that other coworkers laughed at her, gave her dirty looks, and ostracized her); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *5–7 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim despite allegations of a racially insensitive comment, racially based disciplinary actions, and discrimination against African American employees on multiple occasions).

The Court acknowledges that "a workplace need not be 'hellish' to constitute a hostile work environment." *Alamo*, 864 F.3d at 550; *see also Gates v. Bd. of Educ. of Chicago*, 916 F.3d 631, 637 (7th Cir. 2019) (noting the rejection of the "hellish" standard for hostile work environment claims in light of *Harris*). But without additional details, the Court cannot conclude that the alleged conduct here rises to the level of severe or pervasive conduct required to support a hostile work environment claim. *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-cv-06500, 2014 WL 4269126, at *7 (N.D. Ill. Aug. 28, 2014) ("Plaintiff's allegations in the Amended Complaint,

while no doubt describing rude and unpleasant conduct, by themselves do not seem to rise to the level of the hostile and abusive atmosphere found in the case law." (collecting cases)); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) ("'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" (citations omitted)); *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("[E]mployers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace."). Therefore, the Court dismisses Salgado's hostile work environment claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Graham Enterprise's motion to dismiss [11]. The Court dismisses the hostile work environment claim (Count II) without prejudice.

Dated: August 1, 2019

_____
SARA L. ELLIS
United States District Judge